UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Carlton Lowe, | Case No. 22-CV-1386 (KMM/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Commissioner Paul Schnell, | |
| Respondent. | |

Petitioner Michael Carlton Lowe was convicted in 2007 on charges of first-degree criminal sexual conduct, third-degree assault, and making terroristic threats. *See Lowe v. State of Minnesota*, No. A09-1449, 2010 WL 1658006, at *1 (Minn. Ct. App. Apr. 27, 2010). Judgment became final in that matter in 2009, when the Minnesota Supreme Court declined review of Lowe's direct appeal. Now, well over a decade later, Lowe seeks federal habeas corpus relief from his convictions and sentence.[1] *See* Petition [Dkt. No. 1]; 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254. That petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

---

[1] This is the second occasion on which Lowe has sought federal habeas corpus relief from the convictions and sentence at issue in this matter. *See Lowe v. State of Minnesota*, No. 07-CV-4886 (DWF/SRN). Because the earlier habeas petition was dismissed without prejudice for failure to exhaust state-court remedies (Lowe's direct appeal remained pending at the time he filed his first habeas petition), the habeas petition now before the court is not "second or successive" for purposes of 28 U.S.C. § 2244(b). *See, e.g.*, *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

States District Courts. After review, the Court concludes that the habeas petition is untimely and recommends denial of the petition on that basis.

Under 28 U.S.C. § 2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Sections 2244(d)(1)(B) and 2244(d)(1)(C) are not relevant to this case — Lowe does not allege that he has been impeded by State action from seeking federal habeas relief at any point, and nowhere in his habeas petition does Lowe seek vindication of a constitutional

2

right newly recognized by the Supreme Court of the United States. The other provisions of § 2244(d), however, require closer analysis.

First, under § 2244(d)(1)(A), this Court must determine "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Minnesota Supreme Court declined to review the direct appeal from Lowe's criminal judgment on May 27, 2009. *See State of Minnesota v. Lowe*, No. A07-2321, 2009 WL 437493 (Minn. Ct. App. Feb. 24, 2009). Lowe then had 90 days in which to file a petition for a writ of certiorari with the Supreme Court of the United States. *See, e.g.*, *Jihad v. Hvass*, 267 F.3d 803, 804-05 (8th Cir. 2001). Judgment became final, for purposes of § 2244(d)(1)(A), when that 90-day deadline expired, or on August 25, 2009.

Second, under § 2244(d)(1)(D), this Court must consider whether the factual predicate of any of Lowe's claims for relief could not have been discovered through the exercise of due diligence until after August 25, 2009. In his petition, Lowe leans heavily on the case of *State v. Ortega-Rodriguez*, 920 N.W.2d 642 (Minn. 2018), in which the Minnesota Supreme Court concluded that the government must prove that sexual penetration occurred to convict a defendant of first-degree criminal sexual conduct. According to Lowe, this new interpretation of the Minnesota criminal-sexual-conduct statute entitles him to postconviction relief, and he argues that he could not have availed himself of that new interpretation until after *Ortega-Rodriguez* was decided.[2]

---

[2] Lowe also refers in his habeas petition to other judicial decisions entered since the time of his conviction. The application of those decisions to Lowe's circumstances is

3

There is reason both to doubt the relevance of *Ortega-Rodriguez* to Lowe's conviction, *see Lowe v. State of Minnesota*, No. A21-0588, 2021 WL 6111077, at *2 (Minn. Ct. App. Dec. 21, 2021) (noting that "the state proved that [Lowe] penetrated the victim"), and to doubt whether *Ortega-Rodriguez* constitutes a new factual predicate within the meaning of § 2244(d)(1)(D): nothing prevented Lowe from arguing at the time of his direct appeal that the statute under which he was convicted required sexual penetration as an element of the offense and that the government had not established this element. But even leaving these qualms aside, any claim predicated upon *Ortega-Rodriguez* would have been known to Lowe with the exercise of due diligence on the date that *Ortega-Rodriguez* was decided — that is, on December 5, 2018. Lowe did not file his habeas petition until on or about April 29, 2022. *See* Petition at 15; Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

This leaves only § 2244(d)(2), which excludes from the limitations period all "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Lowe has filed at least *nine* petitions for postconviction review in the state courts challenging the convictions at issue in this matter. *See Lowe v. State of Minnesota*, 2021 WL 6111077, at *1-2. No such postconviction petition from Lowe, however, was pending in December 2018, when *Ortega-Rodriguez* was decided. *See id*. Lowe did not again seek

---

tenuous, but ignoring those problems, the other judicial opinions cited by Lowe each predate the opinion entered in *Ortega-Rodriguez*. Thus, if Lowe's claims related to *Ortega-Rodriguez* are untimely, then any claims brought by Lowe pursuant to still-older case law must also be untimely.

postconviction review in the state courts until December 2020 — that is, a full two years after *Ortega-Rodriguez* was decided. *See id*. By then, any one-year limitation window opened by *Ortega-Rodriguez* under § 2244(d)(1)(D) would have already closed. Lowe's habeas petition is precluded by the statute of limitations, notwithstanding the tolling provision of § 2244(d)(2).

Lowe argues that he should nevertheless be permitted to proceed in this matter under the doctrine of equitable tolling. A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). Lowe points to his repeated efforts in state court to overturn his conviction and sentence as evidence of his diligent pursuant of his rights, *see* Petition at 13-14, but nowhere does Lowe attempt to explain why he could not have timely sought *federal* habeas relief on the claims raised in this matter. Lowe's persistent litigation in state court, if anything, undercuts his claim of entitlement to equitable tolling, as he has demonstrated that he has been capable throughout the period following his conviction of asserting claims for relief attacking that conviction. Lowe has simply waited too long to do so in federal court.

Accordingly, it is recommended that this matter be dismissed pursuant to § 2244(d). Because this Court does not believe that the grounds on which dismissal is recommended are reasonably debatable, it is further recommended that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Michael Carlton Lowe [Dkt. No. 1] be DENIED as untimely.

2. This matter be DISMISSED.

3. No certificate of appealability be issued.

Dated: May 25, 2022         *s/Elizabeth Cowan Wright*
                            ELIZABETH COWAN WRIGHT
                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).