UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Carlton Lowe,                                    Civ. No. 22-1386 (PAM/ECW)

Petitioner,

v.                                                    **MEMORANDUM AND ORDER**

Commissioner Paul Schnell,

Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Cowan Wright dated May 25, 2022. (Docket No. 6.) The R&R recommends that Petitioner Michael Carlton Lowe's Petition for habeas-corpus relief be denied as untimely and no certificate of appealability be granted. Lowe filed an objection to the R&R. (Docket No. 10.) He also filed a notice of appeal regarding the R&R and an application for a certificate of appealability. (Docket Nos. 11, 12.)

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court adopts the R&R.

To begin, Lowe's notice of appeal is ineffective. As the R&R stated, there is no direct appeal to the Eighth Circuit Court of Appeals from a report and recommendation of a Magistrate Judge. (Docket No. 6 at 6.) Lowe's only means to challenge the R&R's conclusions is through objections. Should he wish to take an appeal from this Memorandum and Order, he must file a new notice of appeal so stating.

The R&R thoroughly recounted the factual and procedural history of this matter, and that history will not be repeated here. The first of Lowe's claims stems from a 2018 Minnesota Supreme Court holding regarding the proof necessary to establish first-degree criminal sexual conduct in Minnesota. See State v. Ortega-Rodriguez, 920 N.W.2d 642 (2018). Lowe believes that this decision invalidates his 2007 conviction for assault, terroristic threats, and first-degree criminal sexual conduct. Lowe argues that the state court abused its discretion to interpret criminal statutes by allowing him to be convicted of first-degree criminal sexual conduct, and that this error violates what he terms the "Separation of Powers Clause," ostensibly found in Article I, section 3 of the United States Constitution.[1]

Assuming for the sake of argument that federal separation-of-powers principles apply to the states, there is no separation-of-powers violation in the trial court's disposition of Lowe's case or in the state courts' rulings on Lowe's multiple motions for postconviction relief. And even if there were somehow an actionable separation-of-powers concern, Lowe's federal petition is still untimely. Ortega-Rodriguez was decided in 2018. Lowe did not raise any issue regarding the decision until a state petition in 2020 and did

---

[1] There is no "Separation of Powers" clause in the U.S. Constitution. Rather, the Constitution contains several clauses expressly reserving certain powers to one of the three branches of the federal government. See U.S. Const. Art. I, § 1 (vesting legislative power in Congress); id. Art. II, § 1 (vesting executive power in the President); id. Art. III, § 1 (vesting judicial power in the federal courts). This enumeration of duties is referred to as the separation of powers. See, e.g., United States v. Davis, 139 S. Ct. 2319, 2325 (2019) (discussing "the Constitution's separation of powers").

not file this federal petition until 2022.[2]  The federal habeas statute requires that any motion

be brought within one year of the date on which the ostensible new rule arises.  28 U.S.C.

§ 2244(d)(1).  Lowe did not bring a motion regarding Ortega-Rodriguez within one year,

and as the R&R found, has not established that equitable tolling is appropriate.  His Petition

is therefore untimely and must be dismissed as such.

Lowe also complains that the R&R did not address his other grounds for relief,

namely that the state court erred by basing his sentence on an incorrect criminal history

score and that the trial court abused its discretion by ordering restitution.  Given the R&R's

conclusion that the Petition was untimely, it was unnecessary to address every claim in the

Petition.  And even if timely, these claims do not warrant federal habeas relief.

"With the exception of due process claims, state prisoners' claims of error involving

sentencing . . . are matters governed by state law that are not cognizable in federal habeas

proceedings."  Martin v. Solem, 801 F.2d 324, 331 (8th Cir. 1986).  Lowe claims that his

sentence was somehow "illegal" under federal sentencing law, not unconstitutional under

the Due Process clause.  (See Docket No. 10 (citing Molina-Martinez v. United States, 136

S. Ct. 1338, 1341 (2016)).)  Molina-Martinez involved the alleged miscalculation of the

federal sentencing guidelines and did not establish any rule of federal constitutional law

regarding a state court's calculation of the state sentencing guidelines.  Thus, even had

---

[2] Lowe is also mistaken that the instant Petition somehow relates back to his previous
federal habeas petition, filed within the one-year limitations period but nearly a decade
before Ortega-Rodriguez issued.  The previous petition cannot save this Petition from the
applicable statute of limitations.  See Mayle v. Felix, 545 U.S. 644, 650 (2005) (holding
that amended habeas petition filed after one-year limitations period did not relate back to
timely filed petition because it raised different issues than the timely petition).

Lowe claimed a Due Process violation, that claim would fail because errors in the calculation of a state sentencing guidelines range are not a federal constitutional violation for which federal habeas relief is available.  And although Lowe invokes the Fifth and Fourteenth Amendments in support of his restitution claim, he is mistaken that the United States Constitution prohibits a state court from imposing restitution when not requested by the victim.  At most, such imposition might violate state law, but violations of state law are not appropriate subjects for federal habeas relief.  28 U.S.C. § 2254(d).

The R&R correctly determined that the Petition is untimely under any interpretation of the relevant limitations period.  Because no reasonable minds could differ as to this conclusion, the R&R likewise correctly determined that no certificate of appealability should issue.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Accordingly, **IT IS HEREBY ORDERED that**:

1.      The R&R (Docket No. 6) is **ADOPTED**;

2.      The Petition (Docket No. 1) is **DENIED** as untimely;

3.      This matter is **DISMISSED**;

4.      The Application for Certificate of Appealability (Docket No. 12) is **DENIED**; and

5.      No Certificate of Appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:    June 9, 2022                           s/Paul A. Magnuson
                                         Paul A. Magnuson
                                         United States District Court Judge

4